## N. Y. SUPERIOR COURT.

WILLIAM H. DUSENBURY, as administrator, &c., of THOMAS DUSENBURY, deceased, appellant, agt. CHARLES DUSENBURY, respondent.

*Supplementary proceedings — Examinations taken in, to what extent admissible in evidence in civil or criminal proceedings — Effect of exclusion of such testimony — Code of Civil Procedure, section 2460.*

Examinations taken in supplementary proceedings being now admissible in evidence under section 2460 of the Code, as amended, as an admission against the interests of the party examined and against a defense he may set up, the exclusion of such testimony in which defendant swore he was not a partner in a certain firm, necessitates the reversal of a judgment for defendant entered on dismissal of plaintiff's complaint, even though witnesses called by the plaintiff testified that defendant was a partner, it not being so clear that no injury was done the plaintiff by the exclusion of the testimony offered as that the judgment should nevertheless be sustained.

*General Term, April,* 1882.

*Before* SEDGWICK, *C. J., and* RUSSELL, *J.*

APPEAL from a judgment for the defendant, entered upon the dismissal of the plaintiff's complaint.

The plaintiff sued for the sum of $4,671, alleging that such sum being due the intestate at the time of his death, had been collected and retained by the defendant.

The answer alleged that the defendant and one Benjamin H. Dusenbury were partners of the plaintiff's intestate under the firm name of Thomas Dusenbury & Sons, and that the

defendant collected such moneys as a surviving partner, and was only liable to account as such to the other surviving partner and the representatives of the intestate.

On the trial the plaintiff offered in evidence the testimony of the defendant taken in proceedings supplementary to an execution, October 3, 1876, in which the defendant swore that he was not a member of the firm of Thomas Dusenbury & Sons. The exclusion of such testimony was made the ground of an exception.

*Ira D. Warren,* for appellant.

*Charles H. Blandy,* for respondent.

RUSSELL, *J.* — This trial took place June 20, 1881. At that time, the amendment to section 2460 of the Code, passed April 20, 1881, had not been published. Before that amendment, the section provided that examinations taken on supplementary proceedings should not be used as evidence against the party examined in criminal or civil proceedings. The amendment struck out the word "civil." At the time of the trial, then, the affidavit of the defendant was admissible as an admission against his interest and against the defense he set up.

It is claimed that notwithstanding this error, the judgment ought, nevertheless, to be upheld, because it produced no harm to the plaintiff, inasmuch as the witnesses called by the plaintiff testified that the defendant was a partner.

I cannot subscribe to that view. It might be said that by reason of the exclusion of this piece of testimony, which would have created an issue to be submitted to the jury, the plaintiff was put to the desperate hazard of calling the adverse party and those friendly to him. It may also be said that one of the witnesses testified to conclusions rather than facts, and his testimony might be taken in favor of either side, and the other sustained such relations to this case and to the parties as that the jury might, had they chosen, have discredited his testimony. It cannot be said to have been impossible that the

firm name Thomas Dusenbury & Sons was employed, and yet that the sons and father were not in fact partners *inter sese.* There is, at any rate, some evidence going to show that they were receiving a certain share of the profits in lieu of salary. The conclusion reached by the learned judge who presided on the trial may have been the one which the jury would have reached, and ought to have reached, if the testimony excluded had been received. But we cannot say that that is so clear as that if the jury, with such testimony before them, had reached the opposite conclusion, this court would have been justified in setting the verdict aside — that is to say, it is not so clear that no injury was done the plaintiff by the exclusion of the testimony offered as that the judgment should nevertheless be sustained.

The judgment should be reversed and a new trial ordered, with costs to abide the event.